ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 08 2013

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Applicant, | MISC. ACTION NO. |
| HOMENURSE, INC., | 1:13-MI-0131 |
| Respondent. | TWT |

### APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

1. This is an action for the enforcement of the Equal Employment Opportunity Commission's ("Applicant") subpoena duces tecum, pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C.S. § 12102; the Genetic Information Non-Discriminatory Act ("GINA"), as amended, 42 U.S.C.A. § 2000ff; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(a); and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 et seq..

2. Jurisdiction is conferred upon the court by § 12117 of the ADA, which incorporates the remedies and procedures of Title VII; by Section 6 of GINA, 42 U.S.C.A. § 2000ff-6, which incorporates the procedures and remedies of Title VII; by Section 7 of the ADEA, 29 U.S.C. 626(b), which

incorporates Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§216(c) and 217; and by § 2000e-5(f)(3) of Title VII.

3.      Applicant, the Equal Employment Opportunity Commission ("EEOC"), is the federal agency charged with the administration, interpretation and enforcement of the ADA, GINA, ADEA, and Title VII, including, inter alia, the investigation of charges of unlawful employment practices. The EEOC is authorized to bring this action pursuant to § 12117(a) of the ADA, § 2000ff-6 of GINA, Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and § 2000e-4(g) of Title VII,

4.      Respondent, HomeNurse, Inc., is a domestic corporation, incorporated in Georgia and doing business in the State of Georgia with facilities in Griffin. Respondent's corporate headquarters are located in Griffin, Georgia.

5.      On May 20, 2010, Charging Party filed a Charge of Discrimination (the "Charge") at the EEOC's Atlanta District Office, alleging that Respondent subjected her to retaliation when it terminated her employment after she complained that the pre-hire screening process used by Respondent was discriminatory, in violation of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and the Genetic Information

Nondiscriminatory Act of 2008 ("GINA"). (Ex. 1). Charging Party also alleged various types of class discrimination. In particular, she alleges that Respondent discriminated against individuals with disabilities, with pre-existing medical conditions, and those over the age of 40 as a class, in violation of the ADA, GINA and ADEA. Id. Finally, the Charging Party alleged that the Respondent has a policy of not hiring individuals with conviction records and that this policy adversely affects African Americans in violation of Title VII. Id.

6. Charging Party began her employment with Respondent on or about March 3, 2009, as a Staffing Coordinator. Id. As Staffing Coordinator, Charging Party's role exposed her to the hiring process and mechanisms utilized by Respondent to screen candidates for employment. On or about February 20, 2010, Charging Party complained to each of her district managers that certain pre-hire screening methods used by Respondent were discriminatory. Id. Specifically, Charging Party expressed concern to her supervisors about the exclusion of certain applicants based on responses provided by those applicants on Respondent's Employee Medical History Questionnaire. Id. Through use of its Employee Medical History Questionnaire, Respondent required applicants to disclose medical conditions, height, and weight in order to be considered for employment

opportunities. Id. On or about April 27, 2010, Respondent terminated Charging Party's employment. Id.

7. On May 28, 2010, the Charge was hand-served on Respondent along with Subpoena AT-10-79 (the "First Subpoena"), which requested employee information and access to certain personnel documents maintained by Respondent. (Ex. 2). Specifically, the EEOC requested: (1) a computer printout of all applicants during the relevant time period indicating whether or not the applicant was hired, as well as the reasons why applicants were not hired; (2) access to all employee files; (3) a complete copy of the employment application including the medical questionnaire; and (4) any policies relating to arrest and conviction records. Id.

8. In response, Respondent issued a position statement alleging that Charging Party was terminated for posting confidential patient information on her Facebook page in violation of several company rules, including Respondent's Cell Phone Usage Policy, HIPAA Confidentiality and Non-Disclosure Agreement, Workplace Rules of Conduct, and a disciplinary warning issued to Charging Party in November 2009. (Ex. 3). In an amended position statement, Respondent requested that the EEOC dismiss the Charge because the Charging Party did not mention her Charge before a state administrative law judge in an unemployment benefits proceeding. (Ex. 4).

Additionally, the Respondent supported its request for dismissal of the Charge on the basis that Charging Party is not a member of the protected classes covered by the ADEA and Title VII. Id.

9. On September 7, 2010, the EEOC issued a written Request for Information ("RFI") to Respondent, requesting employment information for all individuals employed by Respondent any time during the period of April 1, 2008, through September 7, 2010. (Ex. 5). Additionally, the EEOC requested employment information and application packets submitted by all individuals who sought employment with Respondent during the same time period. Id.

10. Although the initial RFI directed Respondent to submit the requested documents by September 16, 2010, the EEOC granted Respondent's request for an extension through and including October 11, 2010. (Ex. 6)

11. Respondent failed to comply with the RFI by the stated deadline. Instead, in a letter dated October 4, 2010, Respondent proposed a meeting during which it would provide samples of the documents sought by the RFI. (Ex. 7).

12. The EEOC subsequently agreed to accept three application packets as a sample for individuals who sought employment with Respondent during the relevant time period. Respondent mailed the agreed-upon sample

packets on November 5, 2010.

13. The EEOC's RFI concerning individuals employed by Respondent during the relevant time period was not limited and remained outstanding. However, Respondent declined to furnish any additional information sought by the RFI and argued that a discussion of Respondent's modification of its hiring process would be sufficient to conciliate the Charge.

14. On March 15, 2011, Respondent and the EEOC convened via a conference call to discuss and clarify any misunderstandings about the RFI. Subsequently, the Respondent understood that the EEOC was requesting: "(1) all application files, whether the applicant was hired or not hired; (2) a spreadsheet providing certain information for all employees who worked for HomeNurse within the Relevant Timeframe; and (3) supporting documentation for any individual terminated for misconduct within the Relevant Timeframe and indicated that the requested information would be available for review by April 29, 2011. (Ex. 8).

15. Respondent asked for an additional time extension of three weeks. (Ex. 9). The EEOC granted Respondent's request, but also issued Subpoena AT-11-064 (the "Second Subpoena") on May 5, 2011, due to Respondent's failure to provide the requested information in the past. (Ex. 10). The Second Subpoena requested the Respondent to submit by May 19, 2011, three

categories of information: (1) a list of all individuals employed at any time during the time period of January 1, 2009 through the present; (2) copies of all separation notices for anyone separated during the above referenced time period; and (3) all applications submitted in the last two years for any position. Id.

16. Respondent filed a Petition to Modify or Revoke the Second Subpoena on May 17, 2011. (Ex. 11). Respondent argued that prior to the issuance of the subpoena the parties had reached a mutual agreement for it to produce certain documents and information by May 20, 2011, and that given the agreement, the subpoena was abusive and unnecessary. Lastly, Respondent argued that the subpoena should be modified or revoked because the EEOC failed to conform to the parties' agreement.

17. On May 20, 2011, Respondent submitted one CD which included employment information for current employees and terminated employees between January 1, 2009, and May 20, 2011. Further, Respondent submitted a second CD containing (1) applications for applicants who applied, but were not hired, between January 1, 2009, and May 20, 2011; (2) applications for current employees; and (3) applications for employees who were separated from employment between January 1, 2009, and May 20, 2011, and supporting documentation for those employees terminated for

misconduct. (Ex. 12).

18. On May 25, 2011, EEOC Enforcement Supervisor, Natasha Barton, contacted Respondent to discuss its failure to produce "application packets." (Ex. 13). In turn, the Respondent argued that the EEOC requested only "applications," and that the plain meaning of "applications" does not include all documents which may comprise an "application packet." However, Respondent acknowledged the EEOC's request for application packets, but rather than complying, Respondent requested the EEOC provide precise description of the documents and information it sought.

19. On June 13, 2011, the EEOC served Respondent with Subpoena AT-11-091 (the "Third Subpoena"), requesting that Respondent produce all application packets for each individual applicant for the time period January 1, 2009, through the present, excluding those already submitted on May 20, 2011. (Ex. 14). The Third Subpoena particularly identified the following as documents that should be included within each application packet: (1) Aide Availability and Information Sheets; (2) Work Reference Forms; (3) Consumer Report Authorization and Disclosure Forms; (4) Motor Vehicle Report Authorization Forms; (5) Personal Reference Forms; (6) Reference Letter/Performance Evaluation Forms; and (7) Medical History Questionnaires. Id.

20. On July 21, 2011, pursuant to the Third Subpoena, Respondent produced the following documents for individuals who submitted applications to Respondent between January 1, 2009 and July 20, 2011, but were not hired: (1) Aide Availability and Information Sheets; (2) HomeNurse Work Reference Forms; (3) Consumer Report Authorization and Disclosure Forms; and (4) Medical History Questionnaires.

21. Respondent refused to produce any of the requested documents, with the exception of Medical History Questionnaires, for individuals hired and/or employed by Respondent between January 1, 2009 and July 20, 2011, and/or for individuals terminated by Respondent between January 1, 2009 and July 20, 2011.

22. Respondent sought to Revoke or Modify the Third Subpoena on the grounds that the Third Subpoena: (1) sought information and documents not relevant to the Charge, and (2) imposed an undue burden on Respondent. (Ex. 15).

23. The EEOC served Respondent with Subpoena AT-12-026, (the "Subpoena"), on January 23, 2012. (Ex. 16). The Subpoena compelled Respondent to provide access to the EEOC to review any and all unredacted application packets between January 1, 2009, and the present. The Subpoena also reiterated the EEOC's request that each application packet should

include the documents specifically set out in the Third Subpoena.

24. On January 26, 2012, Respondent filed a Petition to Modify or Revoke the Subpoena. (Ex. 17).

25. On February 20, 2013, the EEOC denied Respondent's Petition to Modify or Revoke the Subpoena, and requested that Respondent provide access to the information sought within ten days. (Ex. 18).

26. Respondent represented to the EEOC that it would not comply with the Subpoena via correspondence dated March 8, 2013. (Ex. 19).

27. As of the date of this Application, the Respondent has failed to provide the EEOC with the information requested in Subpoena No. AT-12-026, which has delayed and hampered the EEOC's investigation.

28. The accompanying Declaration of Bernice Williams-Kimbrough, District Director, filed concurrently herewith, and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

WHEREFORE, Applicant, Equal Employment Opportunity Commission requests:

    (1) That this Court issue an Order directing the Respondent to appear before this Court, and to show cause, if there be any, why an Order should not be issued directing the Respondent to

comply with the subpoena;

(2) That, upon return of this Order to Show Cause, an Order be issued directing the Respondent to comply with the subpoena; and

(3) That the Equal Employment Opportunity Commission be granted its costs and such further relief as may be necessary and appropriate.

DATED: August 8, 2013

/s/ Robert K. Dawkins
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

/s/Sairalina Corniel
Sairalina Corniel
Trial Attorney
Georgia Bar No. 940665
sairalina.corniel@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama Street, S.W. - Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6842